# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

**COLUMBIA MUTUAL INSURANCE COMPANY**　　　　　　　　　　**PLAINTIFF**

v.　　　　　　　　4:05CV01118-WRW
　　　　　　　　　　(LEAD CASE)

**PERFECTING NEW LIFE LEARNING
CENTER, A/K/A PERFECTING CHRISTIAN
DAYCARE, DONNA HARRIS, KAREN PHILLIPS,
BETTY SANDERS, GRACE ALLEN, CHARLENE
JACKSON, KEITRA JONES, CHARLIA ROBINSON,
LORETTA CAROLINA, KEVIN D. ALLEN, SR.,
CAROLYN ALLEN, TERRENCE WILSON,
JANICE WILSON, CEDRIC MARKS, HENRY
JOHNSON, AND JOHN DOES**　　　　　　　　　　**DEFENDANTS**

---

**PERFECTING NEW LIFE FULL GOSPEL BAPTIST CHURCH**　　**PLAINTIFF**

v.　　　　　　　　4:06CV00495-WRW
　　　　　　　　　　(CONSOLIDATED CASE)

**COLUMBIA MUTUAL INSURANCE COMPANY**　　　　　　　　　**DEFENDANT**

## ORDER

On February 9, 2007, Plaintiff gave Notice of Bankruptcy Stay (Doc. No. 71). The Bankruptcy Code provides that a petition for bankruptcy relief operates as an automatic stay of most types of actions to collect or otherwise enforce a pre-petition debt.[1]

Perfecting New Life Full Gospel Baptist Church ("the Church") declared bankruptcy, and Plaintiff, a creditor, gave notice that the case must be stayed under the automatic stay provision of the Bankruptcy Code. In response, the Church argues that the bankruptcy provision provides a shield against creditors and does not give creditors the right to invoke the stay.

---

[1] 11 U.S.C. § 362(a).

The stay comes into existence 'automatically' and 'immediately' upon the filing of a petition in bankruptcy.[2] "The stay protects debtors, as well as creditors, by providing debtors 'a breathing spell' from collection efforts and promoting 'orderly and fair' distribution among creditors."[3]

Accordingly, the underlying case is stayed and administratively terminated pending the conclusion of the bankruptcy. The Parties' Joint Motion to Extend Disclosure Deadlines (Doc. No. 74) is DENIED as MOOT.

IT IS SO ORDERED this 3rd day of April, 2007.

/s/Wm. R. Wilson, Jr.
UNITED STATES DISTRICT JUDGE

---

[2]*Shaw v. Ehrlich*, 294 B.R. 260 (W.D. Va. 2003) (citing *In re Looney*, 823 F.2d 788, 790 (4th Cir. 1987)).

[3]*Id.* (citing *In Re Simonini*, 282 B.R. 604, 608 (W.D. N.C. 2002).